Filed 8/5/14 Certified for publication 8/26/14 (order attached)

<u>CERTIFIED FOR PUBLICATION</u>

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF VENTURA**

**APPELLATE DIVISION**

| | |
|---|---|
| CACH LLC, ) | |
| ) | |
| Plaintiff and Respondent, ) | |
| ) | (Ventura County Superior Court Case |
| v. ) | Number 56-2012-00420026-CL-CL-VTA |
| ) | |
| KATHLEEN RODGERS, ) | |
| ) | |
| Defendant and Appellant. ) | |

APPEAL from a judgment from the trial court in the Superior Court of Ventura County. Judgment REVERSED.

 <u>Trial Judge</u>:
 Vincent J. O'Neill

 <u>Counsel</u>:

 Ian Chowdhury for Defendant and Appellant.

 Elizabeth G. Sutlian for Plaintiff and Respondent.

BY THE COURT:

**<u>STATEMENT OF CASE</u>**

 This case is a civil debt collection proceeding. Respondent CACH LLC (Respondent)

1

alleges that appellant Kathleen Rodgers (Appellant) opened a revolving credit account with Washington Mutual/Chase Bank and failed to pay. After the debt became delinquent Respondent purchased the debt from Washington Mutual/Chase Bank and made attempts to collect from Appellant by filing this litigation.

The lawsuit was initiated on June 18, 2012. Appellant was duly served and filed an answer to the complaint on February 28, 2013. On May 1, 2013, Respondent filed a declaration, pursuant to Code of Civil Procedure section 98 (hereinafter section 98), authored by 'Magic West,' stating Respondent's intention to introduce the documentary evidence in lieu of direct testimony of the declarant. In his declaration, Magic West states, *"I am currently located in Denver, Colorado, therefore I authorize service to be accepted on my behalf within a reasonable period of time prior to trial in order to allow for necessary travel. Service will be accepted on my behalf at the office of Plaintiff's attorney located at Mandarich Law group, LLP, 6301Owensmouth Ave. Suite 850, Woodland Hills, California, 91367, which is within 150 miles of the place of trial."* On June 3, 2013, Appellant filed a pretrial brief objecting to the introduction of the documentary evidence pursuant to section 98. Attached to her motion as exhibit C was a record of attempted, but failed, service of Magic West at 6301 Owensmouth Ave. Ste. 850, Woodland Hills, CA 91367. The reason for failure of service states, *"Deft. Does Not Work at This Address—Personal Service Only For Civil Subpena."* The date of attempted service was May 7, 2013. In her pretrial brief Appellant objected to Respondent's intended use of the Magic West declaration and the records contained therein pursuant to section 98 and pursuant Evidence Code sections 1270 to 1271 (business records).

On June 10, 2013, trial was commenced, Honorable Vincent O'Neill presiding. Argument was heard on Appellant's objection to the introduction of the Magic West declaration and to its contents. Counsel for CACH prevailed in her argument to the trial court to disregard the decision of *Target v. Rocha* (2013) 216 Cal.App.4th Supp. 1, because it was not binding authority. Counsel for Respondent also argued, "The most damaging factual difference in this case is that this Defendant has made zero effort in effecting service on our witness. There's no

prejudice to the Defendant when service is not effected, so therefore I think it should be disregarded." Appellant pointed out that she did try to effect personal service as it was required by section 98 and that the witness actually was a resident of Colorado. The trial court rejected Appellant's argument and admitted Respondent's documentation over objection.

Respondent called Appellant as a witness. Appellant's testimony, in content, had to do with her identity, her residences, and her personal information, or to categorize it more aptly, lack of her knowledge pertaining to those things. Respondent then introduced the declaration of Magic West and relied on its contents to establish that a debt was owed to Respondent by Appellant. Appellant produced no evidence. Appellant argued that the court erroneously relied on the documents in the section 98 declaration because they did not comply with the requirements of section 98. Appellant further contended that the contents of the records did not meet the requirements of Evidence Code sections 1270 to 1271 and that Magic West was not, and never had been, a custodian of records for Washington Mutual/Chase Bank, from which the underlying documents were generated.

The trial court found in favor of Respondent, specifically commenting, "I also find that Ms. Rodgers was evasive and unbelievable in testifying to certain things, such as she can't remember where she lived one year ago." Judgment was entered on behalf of Respondent for $2,956.52 costs and attorney fees. This appeal followed.


## GROUNDS ON APPEAL


Appellant contends that the trial court erred in admitting the section 98 documents over her objection. Appellant also contends error in overruling her hearsay objections to the documents themselves on various grounds, including hearsay, lack of personal knowledge and failure to authenticate.

## STANDARD OF REVIEW

The reviewing court generally applies the abuse of discretion standard when reviewing a trial court's decision concerning the admissibility of evidence. (*City of Ripon v. Sweetin* (2002) 100 Cal.App.4th 887, 900.) However, statutory interpretation and the proper application of a statute are questions of law that are reviewed de novo. (*Boy Scouts of America National Foundation v. Superior Court* (2012) 206 Cal.App.4th 428, 443.) Erroneous introduction of evidence must result in a miscarriage of justice and reversal should be granted only where the reviewing court is convinced that it is reasonably probable that a result more favorable to the Appellant would have been reached but for the error. (Evid. Code, § 353; *Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 853.)

## DISCUSSION

The primary issue before us is whether we should elect to follow the decision rendered in *Target v. Rocha*, *supra*, 216 Cal.App.4th Supp. 1. Respondent urges us to disregard it as "non-binding" which prompts us to realize that our own decision in this case, regardless of which way we rule, need have no lasting precedent on any future decisions by other jurisdictions. Respondent urges us to accept a statutory interpretation of section 98 which is somewhat tortured. The language of the statute should be given its clear meaning. If ambiguous, the language should be scrutinized in light of the legislative intent. (*Boy Scouts of America National Foundation v. Superior Court*, *supra*, 206 Cal.App.4th at p. 443.) In any event, in this particular case, we are satisfied that the rule of law set forth in *Target v. Rocha* should be followed.

*Target v. Rocha*, admittedly, is a case of first impression. (*Target v. Rocha, supra,* 216 Cal.App.4th at p. Supp. 5.) It is also almost factually identical to the issues before us. Rocha owed Target money on a revolving account. A lawsuit was filed by Target. A declaration was

filed pursuant to section 98 stating that the declarant was available for service and authorized service at a location one mile from the court house, although declarant was actually physically in Minnesota. Prior to trial counsel for Rocha attempted service at the specified address, complete with witness fees, only to be told that the witness did not work at that location. "As the process server was only authorized to personally serve (Lewis), he left without serving the subpoena." (*Target v. Rocha, supra*, at p. Supp. 7.)

Section 98 provides that prepared testimony in lieu of direct testimony is admissible at trial under certain conditions. "(a) a copy has been served on the party against whom it is offered at least 30 days prior to the trial, together with a current address of the affiant that is within 150 miles of the place of trial, and the affiant is available for service of process at that place for a reasonable period of time during the 20 days immediately prior to trial.**"** We agree with the court in *Target v. Rocha, supra*, 216 Cal.App.4[th] Supp. 1 that merely providing an address within 150 miles of the location of the trial is insufficient to effectuate service of a subpoena. Service of subpoenas is governed by Code of Civil Procedure section 1987, subdivisions (a) and (b) (hereinafter sections 1987(a) and 1987(b)). The witness needs to be served personally in order to compel appearance at trial (§ 1987(a)) or needs to be an officer director, or managing agent of a party (§ 1987(b)) with written notice to the party or its attorney to procure attendance at trial. The record in this case indicates that Magic West was **not** available for service of process at the address specified by Respondent. This is evidenced by the fact that no one at the specified address was instructed to make him, "available for service" within the 20 days before trial upon request. If the address specified for service of Magic West was indeed the law offices of Mandarich LLC, someone at the office could have accepted the subpoena on his behalf and requested his appearance consistent with his declaration that he would accept it at that location and make himself available for trial. Instead attempts by Appellant to secure his attendance at trial were refused. Although Respondent's attorney claimed to be unaware of Appellant's attempts to secure the attendance of Magic West, we impute knowledge to Respondent, if not because of the refusal of service purported to be an address of her law firm, but because

5

Appellant attached a copy of her attempt to serve Magic West to her pretrial motions, a week prior to the actual trial and objected to the introduction of the documents based on her inability to serve Magic West at the pretrial. Respondent was well aware that Appellant desired the attendance of Magic West and contested the admissibility of the documents.

We perceive the necessity of proceeding to trial in cases of this nature by way of declaration as opposed to live witnesses. In the vast majority of cases, where the matters are uncontested or otherwise unchallenged, section 98 makes perfect sense. However, when documentation is challenged in the trial court and plausible arguments are made concerning the authenticity or accuracy of the underlying declarations or documents, and where a litigant has made good faith efforts to compel the declarant's testimony at trial, the litigant should be allowed to cross-examine the declarant. The spirit of section 98 was most certainly not to deprive litigants of the right of cross-examination. "A person's right to cross-examination and confrontation of witnesses against him in noncriminal proceedings is a part of procedural due process guaranteed by the Fifth Amendment and the Fourteenth Amendment of the federal Constitution, where there is a threat to life liberty or property." (*August v. Department of Motor Vehicles* (1968) 264 Cal.App.2d 52, 60.) "Thus a party may only introduce a witness's declaration if the opposing party had the opportunity to cross examine the witness at deposition or could require the witness to be subject to cross-examination at trial." (*Target v. Rocha, supra,* 216 Cal.App.4th at p. Supp. 9.)

If the legislature had intended to allow long distance service without complying with section 1987, or making a third or hybrid type of service permissible, they certainly know how to say so. Although requiring personal service, or having a local declarant literally available for service within 150 miles, is unwieldy in cases of this nature, in a contested matter, where the litigant has made efforts to effectuate service, the right of cross-examination at trial should prevail over the convenience of the litigants and the witnesses. Section 98, subdivision (b) also contains an alternative provision to attendance of the witness at trial by allowing for the admission of testimony taken at a deposition. If the statute needs to be amended to clearly

provide for service of a subpoena that is not accomplished by personal service on the person who is sought for trial, then the legislature needs to make those changes.   We agree with the holding of *Target v. Rocha, supra,* 216 Cal.App.4[th] Supp. 1 and find its logic persuasive.  Magic West was not available for service within 150 miles and was not at the location for a reasonable period of time during the 20 days immediately prior to the trial as required by statute.

Because we agree with appellant's contention that the documents attached to the Magic West declaration were inadmissible, we need not address appellant's other contentions.

We have reviewed the record of the trial to decide if admission of the evidence resulted in a miscarriage of justice which requires reversal.  If the declaration and its contents had been refused as evidence, Respondent could not have prevailed in this matter.  We have reviewed the testimony offered by Respondent in the form of Appellant's testimony, which was the only other evidence introduced by Respondent. Although Appellant's testimony lacked candor, was contentious, and was disbelieved by the trial court, it did not constitute grounds for a civil judgment to be entered for the cause of action stated in the complaint.  As such, we must conclude that there is a reasonable likelihood that Appellant may have prevailed but for the admission of the declaration of Magic West and the documents subject matter of his declaration.

## ORDER

The judgment entered on June 10, 2013, is reversed and the matter is remanded for a new trial.

Ayers, Acting P. J.

WE CONCUR:

Walsh, J.

Guasco, J.

7

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF VENTURA**

**APPELLATE DIVISION**

| | | |
|---|---|---|
| CACH LLC, | ) | |
| | ) | |
| Plaintiff and Respondent, | ) | (Ventura County Superior Court Case |
| | ) | Number 56-2012-00420026-CL-CL-VTA |
| v. | ) | |
| | ) | |
| KATHLEEN RODGERS, | ) | ORDER CERTIFYING OPINION AND |
| | ) | JUDGMENT FOR PUBLICATION |
| Defendant and Appellant. | ) | |

The application to certify this case for publication is GRANTED.

Clerk to give notice.

_____
MATTHEW P. GUASCO
Judge of the Superior Court
Acting Presiding Appellate Judge